UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE ALVES BATISTA,

                    Petitioner,

    v.

TODD LYONS, *et al.*,

                    Respondents.

Case No. C26-986-MLP

ORDER

Petitioner Jose Alves Batista, through counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging as unlawful his detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. (Dkt. # 1.) Respondents have filed a return (dkt. # 7), together with supporting declarations by ICE Deportation Officer Gary Ingram (dkt. # 8) and Respondents' counsel, Michelle R. Lambert (dkt. # 9). Petitioner did not file a reply. Respondents provided a status report on April 29, 2026, (dkt. # 11), supported by Officer Ingram's second declaration (dkt. # 12). The Court, having reviewed the parties' submissions and the governing law, DENIES the petition (dkt. # 1).

ORDER - 1

## I.    BACKGROUND

Petitioner, a citizen of Brazil, entered the United States on August 1, 2018, on a B2 visitor visa with an expiration date of January 31, 2019. (Dkt. 1, ¶ 15; dkt. # 1-2 at 10-14; First Ingram Decl., ¶¶ 3-4.) Petitioner has resided in Washington state since 2018 and established a business. (Dkt. # 1, ¶ 17.)

On January 5, 2026, ICE agents arrested Petitioner and served him with a Warrant for Arrest and a Notice to Appear. (First Ingram Decl., ¶¶ 5-6; Lambert Decl., Exs. A-C.) On that date, a deportation officer determined that he would be detained pursuant to § 236 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1226. (Lambert Decl., Ex. D.) On February 12, 2026, Petitioner requested a bond redetermination. (First Ingram Decl., ¶ 7.) On February 18, 2026, the Immigration Judge ("IJ") denied the request for a change in custody, checking boxes noting "Flight Risk" and noting that Petitioner's ability to pay was considered. (Lambert Decl., Ex. E at 2.)

On March 24, 2026, Petitioner filed the instant habeas petition. (Dkt. # 1.)

On March 25, 2026, the IJ granted Petitioner's application for voluntary departure "until April 24, 2026, under safeguards with an alternative order of removal to Brazil." (Lambert Decl., Ex. F at 2.) The order noted that Petitioner "abandoned his right to apply for asylum . . . and all other forms of relief[.]" (*Id.*, Ex. F at 3.) Petitioner reserved his right to appeal, which was due by April 24, 2026 (*id.*, Ex. F at 4), but did not file a timely appeal. (Dkt. # 11; Second Ingram Decl., ¶¶ 4-5.)

## II.    DISCUSSION

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to

ORDER - 2

immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

The Court notes that the habeas petition is not verified by either Petitioner or counsel. (Dkt. # 1.) A habeas petition must be verified "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see* Local Rules W.D. Wash. LCR 100(e). Regardless, even accepting the allegations as verified, the petition does not establish entitlement to relief.

Petitioner alleges his detention violated applicable statutes and his due process rights because the government failed to obtain a warrant or assess his flight risk prior to arresting him. (Dkt. # 1, ¶¶ 23-40.) The Court need not address these claims, however, because Respondents have established a subsequent, unchallenged basis for Petitioner's current detention. "Courts in this District have consistently held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when [respondents establish] a separate basis for their detention and that basis is unchallenged." *Singh v. Noem*, 2026 WL 482389, at *3 (W.D. Wash. Feb. 20, 2026); *see also Fernandez v. Scott*, 2026 WL 607761, at *3 (W.D. Wash. Mar. 4, 2026) ("Because the basis for [petitioner's] detention has changed since he filed his petition, his claims of wrongful detention under Section 1226(a) are now moot.") (collecting cases).

When Petitioner's appeal period and period for voluntary departure expired, the IJ's alternative order of removal went into effect. (*See* Lambert Decl., Ex. F at 2, 5.) Post-removal order detention is governed by 8 U.S.C. § 1231(a). When a final order of removal is entered, the noncitizen enters a ninety-day "removal period." 8 U.S.C. § 1231(a)(1). During this period, the

ORDER - 3

statute mandates detention. 8 U.S.C. § 1231(a)(2)(A). Accordingly, Petitioner's current detention is not unlawful.

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's petition for writ of habeas corpus (dkt. # 1).

Dated this 1st day of May, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4